COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


CARL E. FRAZIER
                                        OPINION BY
v.     Record No. 0936-97-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        APRIL 14, 1998
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. SUSAN M. SANDRIDGE


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                    Thomas V. Warren, Judge

        Paul W. Cella for appellant.

        Susan T. Ferguson, Special Counsel (Richard
        Cullen, Attorney General; William H. Hurd,
        Deputy Attorney General; Robert B. Cousins,
        Jr., Senior Assistant Attorney General;
        Craig M. Burshem, Regional Special Counsel,
        on brief), for appellee.



     The sole issue on appeal is whether Carl E. Frazier

(appellant) is exempt from the requirement to post an appeal bond

pursuant to Code § 16.1-296(H).  We hold that the plain language

of the statute exempts appellant from the bonding requirement.

                               I.

     The procedural history is uncontested.  The Division of

Child Support Enforcement (DCSE) filed a request in the Juvenile

and Domestic Relations District Court for the City of

Charlottesville on behalf of Susan M. Sandridge for registration

of a Kentucky child support order against appellant.  Upon notice

of the registration of the order, appellant, a convict

incarcerated at Deep Meadow Correctional Center in Powhatan

County, filed a pro se request for a hearing to contest the validity or enforcement of the order.  The matter was transferred to the Powhatan Juvenile and Domestic Relations District Court (JDR court), which appointed a guardian ad litem for appellant. After a contested hearing, the JDR court found an arrearage of $22,261.44 and required appellant to pay $60 per week in continuing support.

Appellant filed a timely notice of appeal but did not post an appeal bond.  DCSE moved to dismiss the appeal because appellant failed to meet the bond requirement of Code § 16.1-296(H).  Appellant argued that his status as a convict exempted him from the bond requirement.  On March 25, 1997, the circuit court found the exemption did not apply and dismissed the appeal:

> I don't think that an appeal bond is proper
> to protect, or waiver is proper to protect
> the waiver [sic] of a decedent, infant, or
> convict.  I can't see the logic of a convict
> having a free appeal without posting a bond
> and an average, ordinary citizen does not.  I
> don't think that this tends to . . . protect
> a convict.  That is to say, that an appeal
> bond shall not be required of a convict.  I
> don't think it's necessary to protect the
> estate of a convict or an insane person.

Appellant has been transferred from Deep Meadow Correctional Center to Cold Springs Correctional Center, but he has remained incarcerated.

II.

Appellant contends that as a convict and a person under a legal disability, he is exempt from the bonding requirement. We agree.

> Code § 16.1-296(H) provides as follows:
>> In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order. <u>However, no appeal bond shall be required of the Commonwealth or when an appeal is proper to protect the estate of a decedent, an infant, a convict or an insane person, or the interest of a county, city or town.</u>[1]

(Emphasis added).

Appellant contends the statute is clear and its plain meaning controls. "The main purpose of statutory construction is to determine the intention of the legislature 'which, absent

---

[1]The 1997 amendments added the second sentence cited.

3

constitutional infirmity, must always prevail.'" <u>Last v. Virginia State Bd. of Med.</u>, 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992) (citing <u>Board of Supervisors v. King Land Corp.</u>, 238 Va. 97, 103, 380 S.E.2d 895, 897 (1989)). A statute is ambiguous "'when the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness.'" <u>Abateco Servs., Inc. v. Bell</u>, 23 Va. App. 504, 520, 477 S.E.2d 795, 802 (1996) (citing <u>Brown v. Lukhard</u>, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)). "Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." <u>Last</u>, 14 Va. App. at 910, 412 S.E.2d at 205. "Unless a literal construction of a statute would result in internally conflicting provisions amounting to a 'manifest absurdity,' courts cannot construe a statute in a manner that would result in holding the legislature did not mean what it actually expressed." <u>Last</u>, 14 Va. App. at 910, 412 S.E.2d at 205 (citing <u>Dairyland Ins. Co. v. Sylva</u>, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991)).

"[W]hen analyzing a statute, we must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" <u>City of Virginia Beach v. ESG Enters., Inc.</u>, 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (citation omitted). "'Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the

4

legislature, clearly disclosed by its language, must be applied.'" Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)).

The plain meaning of Code § 16.1-296(H) imposes a mandatory bonding requirement for support appeals. See Commonwealth ex rel. May v. Walker, 253 Va. 319, 323, 485 S.E.2d 134, 136 (1997) ("failure to post an appeal bond . . . is a fatal jurisdictional defect that cannot be cured"). However, the legislature also clearly expressed its intent to exempt members of the enumerated groups, including convicts, from this requirement. Any finding to the contrary would effectively remove the word "convict" from the statute. We may neither rewrite a statute nor hold that the legislature did not intend what it actually expressed. Consequently, the circuit court's decision is reversed.

Reversed.