COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Annunziata
         and Senior Judge Duff
Argued at Alexandria, Virginia


CHARLES R. CAREY, S/K/A
 CHARLES RISING CAREY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1888-98-4           JUDGE CHARLES H. DUFF
                                        APRIL 25, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   M. Langhorne Keith, Judge

            J. Burkhardt Beale (Boone, Beale, Cosby &
            Long, on brief), for appellant.

            (Mark L. Earley, Attorney General; Donald E.
            Jeffrey, III, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting
            on brief.


    On appeal, Charles Rising Carey (appellant) challenges his

conviction for driving while intoxicated.  He contends that the

Commonwealth denied "his statutory or due process rights to

observe the process on the breath test machine pursuant to the

Fifth and Fourteenth Amendments to the United States Constitution

and Virginia Code §[§] 18.2-268.2 and . . . 18.2-268.9."  We

disagree, and affirm the conviction.

    In lieu of filing a trial transcript, appellant filed a

written statement of facts, see Rule 5A:8(c), indicating that he

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

made a motion "to deny the introduction of the breath sample results based upon the fact Carey was not allowed to observe the process of the two separate samples on the machine even though he had been explained that he had the right to do so."  That is the only argument contained in the record relating to the Commonwealth's failure to provide two samples.

In Rasmussen v. Commonwealth, 31 Va. App. 233, 522 S.E.2d 401 (1999), we addressed Rasmussen's contention "that the result of a breathalyzer test administered to him following his arrest was improperly admitted at trial."  Id. at 235-36, 522 S.E.2d at 402.  Relying on Code §§ 18.2-268.2(B) and 18.2-268.9, Rasmussen made the same argument as appellant; he contended he was denied his right to obtain and observe the results "for each and every breath sample taken."  Id. at 237-38, 522 S.E.2d at 403.  We held that "nothing in the [DUI] statutes indicates an intention to give an accused the right to immediately view results of a breath test other than those actually printed out by the equipment used to conduct the test."  Id. at 239, 522 S.E.2d at 404.  We concluded that Code § 18.2-268.2(B) "clearly limits an arrestee's right to 'see[ing] the blood alcohol reading [printed] on the equipment used to perform the test.'"  Id. (citation omitted).  Thus, where an accused is "afforded the opportunity to view the print-out of the blood-alcohol reading taken by the breathalyzer machine, the requirements of Code

-

§§ 18.2-268.2 and 18.2-268.9 [a]re met."  Id. at 240, 522 S.E.2d at 404.

Viewed in the light most favorable to the Commonwealth, see Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997), the evidence proved that appellant "gave two breath samples, but only one sample result was reported on the [machine and on the] paperwork."  Matthew Smallwood, the breath test operator, attested to the certificate of analysis and certified that the certificate was "an accurate record of the test conducted," that the test was conducted in accordance with the equipment, methods and specifications approved by the Division of Forensic Science and that the equipment was recently tested and found to be accurate.  See Rasmussen, 31 Va. App. at 239 n.2, 522 S.E.2d at 404 n.2 (explaining that properly attested certificate of analysis "assured an accused that the machine is operating as designed" and that, "[i]n the case of the I[ntoxilyzer]-5000, the certification indicates that the machine accurately tested the two breath samples and reported the lower of the two samples tested").

Appellant observed all the process the legislature intended he observe under the statute.  Therefore, he suffered no statutory violation.  Accordingly, the trial court did not err in admitting the certificate of analysis.

Appellant's allegation that he "suffered from a deprival of the due process of law from obtaining exculpatory evidence on

-

his behalf" was not raised at trial.  Accordingly, we will not consider it for the first time on appeal.  <u>See</u> Rule 5A:18.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>