COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


DANTE E. FRIAS
                                          OPINION BY
v.   Record No. 2567-99-1   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                Kenneth N. Whitehurst, Jr., Judge

            Michael A. Robusto (Slipow, Robusto & Kellam,
            P.C., on briefs), for appellant.

            Thomas M. McKenna, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Dante E. Frias (appellant) was convicted in a bench trial

of possession of a firearm on school property in violation of

Code § 18.2-308.1.  He contends the trial court erred in failing

to find him to be a "conservator of the peace" and, therefore,

exempt from the charge of possession of a firearm on school

property.  For the following reasons, we affirm.

                        I.   BACKGROUND

     In November 1997, appellant was a properly licensed and

"registered armed security officer" and also possessed a valid

concealed weapons permit.  He was employed by STI Security

Company as an armed security guard and was authorized to make

arrests in the Chesapeake housing developments.

On November 17, 1997, appellant picked up his girlfriend at Salem High School. The school's assistant principal saw appellant in front of the school and observed him carrying a gun in his waistband. At that time, he told appellant that he was not permitted to carry the gun on school property. The following day, appellant left his security job and again returned to Salem High School to pick up his girlfriend. The assistant principal recognized appellant from the previous day and told Officer G. Anderson (Anderson) about the earlier gun incident. Anderson stopped appellant in his car before he left the school grounds and saw that appellant was wearing an empty gun holster. Anderson asked appellant where the gun was located. Appellant initially responded that the gun was in the trunk of his car, but later retrieved the gun from under the driver's seat. Anderson unloaded the gun and placed appellant under arrest.

Appellant argued to the trial court that he was a "conservator of the peace" and, therefore, exempt from the requirements of Code § 18.2-308.1. The trial judge determined that he was not a "conservator of the peace" and found appellant guilty, stating: "Obviously you were there with the gun on school property."

## II. "CONSERVATOR OF THE PEACE"

Appellant contends the trial court erred in determining that he was not a "conservator of the peace" in transit from his

duties[1] and, therefore, exempt from the statute. Appellant

argues that the list defining who is a conservator of the peace

set forth in Code § 19.2-12 is not an exclusive list. He

contends that a broader definition was intended and that under

the broader definition a "registered armed security guard" is a

"conservator of the peace."[2] Appellant does not allege on appeal

that he followed the necessary requirements to be a "conservator

of the peace" pursuant to Code § 19.2-13.[3]

---

[1] Although the record indicates a dispute regarding whether appellant was "in transit from his duties," this issue was not raised on appeal. Thus the only issue is whether he was in fact a "conservator of the peace."

[2] The Commonwealth contends that appellant failed to raise this argument in the trial court because appellant relied upon only the section of the Code concerning "special conservators of the peace," Code § 19.2-13. However, the record indicates that the issue was properly preserved.

[3] In pertinent part, Code § 19.2-13 provides for the appointment of "special conservators of the peace":

> A. Upon the application of any corporation authorized to do business in the Commonwealth or the owner, proprietor or authorized custodian of any place within the Commonwealth and the showing of a necessity for the security of property or the peace, the circuit court of any county or city, in its discretion, may appoint one or more special conservators of the peace who shall serve as such for such length of time as the court may designate, but not exceeding four years under any one appointment. The order of appointment may provide that a special conservator of the peace shall have all the powers, functions, duties, responsibilities and authority of any other conservator of the peace within such geographical limitations as the court may deem

Possession of a firearm by any person upon "any public, private or parochial elementary, middle or high school" buildings or grounds is a Class 6 felony.  Code § 18.2-308.1. Code § 18.2-308.1 also provides that the "exemptions set out in Code § 18.2-308 shall apply" to Code § 18.2-308.1.

Section 18.2-308(C) provides that "conservators of the peace" are exempt from the prohibition against carrying a gun on school grounds "while in the discharge of their official duties, or while in transit to or from such duties."  Code § 19.2-12 defines "conservators of the peace" to include:

> Every judge throughout the Commonwealth and
> every magistrate within the geographical
> area for which he is appointed or elected,

> appropriate, whenever such special
> conservator of the peace is engaged in the
> performance of his duties as such.  The
> order may also provide that the special
> conservator of the peace is a
> "law-enforcement officer" for the purposes
> of §§ 37.1-67.01 and 37.1-67.1.

> *       *       *       *       *       *       *

>     B.  The court may limit or prohibit the
> carrying of weapons by any special
> conservator of the peace initially appointed
> on or after July 1, 1996, while the
> appointee is within the scope of his
> employment as such.  If the order of
> appointment does not prohibit the carrying
> of weapons, the court may require that the
> appointee meet the minimum entry training
> requirements established by the Department
> of Criminal Justice Service under § 9-170
> for law-enforcement officers within twelve
> months of his appointment.

(Emphasis added).

shall be a conservator of the peace. In addition, every commissioner in chancery, while sitting as such commissioner, any special agent or law-enforcement officer of the United States Department of Justice, National Marine Fisheries Service of the United States Department of Commerce, Department of Treasury, Department of Agriculture, Department of State, and Department of Interior, any inspector, law-enforcement official or police personnel of the United States Postal Inspection Service and any United States marshal or deputy United States marshal whose duties involve the enforcement of the criminal laws of the United States, any officer of the Virginia Marine Patrol, any criminal investigator of the United States Department of Labor, and any special agent of the United States Naval Criminal Investigative Services shall be a conservator of the peace, while engaged in the performance of their official duties.

Appellant points out that Code § 18.2-308(C)(4) attaches limitations to certain "conservators of the peace" in exempting them from the prohibition. Code § 18.2-308(C)(4) provides that "the following conservators of the peace shall not be permitted to carry a concealed handgun without obtaining a permit as provided in subsection D hereof: (a) notaries public; (b) registrars; (c) drivers, operators or other persons in charge of any motor vehicle carrier of passengers for hire; or (d) commissioners in chancery." Appellant argues that the definition of "conservator of the peace" must be broader than explicitly stated in Code § 19.2-12 because Code § 18.2-308(C) identifies classifications of occupations as "conservators of the peace" that are not contained in Code § 19.2-12. He

contends that, as a "registered armed security guard," he is included in that broader definition.

Where the language of a statute is free from ambiguity, its plain meaning will control.  See Portsmouth v. Chesapeake, 205 Va. 259, 269, 136 S.E.2d 817, 825 (1969).  "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction."  Gilliam v. Commonwealth, 21 Va. App. 519, 522-23, 465 S.E.2d 592, 594 (1996) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).  We will not single out a particular term, phrase or clause to construe a statute; we will construe the words and terms at issue in the context of the other language used in the statute.  See City of Virginia Beach v. Board of Supervisors, 246 Va. 233, 236-37, 435 S.E.2d 382, 384 (1993).

"If the several provisions of a statute suggest a potential conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent."  Mejia v. Commonwealth, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (en banc).  "[A] statute should never be construed so that it leads to absurd results."  Branch, 14 Va. App. at 839, 419 S.E.2d at 424 (citations omitted).  We must assume that the "legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute."

City of Virginia Beach v. ESG Enters., Inc., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (citations omitted). We are not permitted to rewrite statutes. See Frazier v. Commonwealth, Dep't. of Social Servs., 27 Va. App. 131, 135, 497 S.E.2d 879, 881 (1998); Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

We assume, without deciding, that Code § 19.2-12 does not contain the exclusive listing of occupations included within "conservator of the peace." See, e.g., Code § 5.1-21 and Code § 24.2-114(5). We note, however, that appellant is licensed and registered under Code § 9-183.8, which provides that "[c]ompliance with the provisions of this article shall not authorize any person to . . . exercise any powers of a conservator of the peace." Under the same code section, appellant is authorized, under limited circumstances, to perform some actions that conservators of the peace are also authorized to perform. This statutory provision unambiguously declares that "registered armed security guards" are not included in any possible definition of "conservator of the peace." To hold otherwise would require us to ignore the clear, unambiguous language in the statute and assume the legislature did not in fact mean what it said. The legislature expressly stated that compliance with the licensing provisions does not grant a person the status or powers of a "conservator of the peace." Appellant has not alleged that he did anything, other than simply being

licensed, to become a conservator of the peace.  Thus, to interpret Code § 19.2-12 in the manner appellant urges would violate these principles.

Furthermore, appellant contends that a common law definition of "conservator of the peace" exists which encompasses "registered armed security officers."  Appellant cites no authority for this assertion.  We find none.  In construing statutes, the statutory definition must prevail over the common law definition.  See Life Ins. & Cas. Co. of Tennessee v. Unemployment Compensation Comm'n of Virginia, 178 Va. 46, 57, 16 S.E.2d 357, 361 (1941).  In the instant case, Code §§ 18.2-308.1 and 18.2-308 exempt "conservators of the peace" from acts made criminal by statute, not common law.  Code § 19.2-12 defines "conservators of the peace."  In interpreting a criminal statute, we are bound by the statutory definition of "conservator of the peace" adopted by the legislature.  We are not permitted to ignore or rewrite the statute in favor of a common law definition.  See generally Barr, 240 Va. at 295, 396 S.E.2d at 674; see also Frazier, 27 Va. App. at 135, 497 S.E.2d at 881.

Furthermore, appellant is a "registered armed security officer."  "Registered armed security officers" did not exist at common law; they are solely a creation of statute.  As such, these statutory creations cannot be included within a common law definition of "conservator of the peace."  Indeed, Code

§ 9-183.8 resolves any doubt, providing that "[c]ompliance with the provisions of this article shall not authorize any person to . . . exercise any powers of a conservator of the peace." (Emphasis added). Thus, even if a common law definition of "conservator of the peace" exists, it would not include appellant in the instant case.

For the foregoing reasons, we affirm appellant's conviction for possession of a firearm on school grounds.

Affirmed.