ALSTON, J.,
concurring.
Despite the unfortunately pervasive presence of gangs in Virginia, there is a dearth of case law examining the code sections prohibiting criminal activities associated with gang membership. As such, this case presents questions of first impression to this Court, and while I concur in the majority’s conclusion that there was sufficient evidence to show a criminal street gang existed, I write separately because I disagree with the narrowness of the majority’s rationale. Specifically, I disagree with the majority’s limited interpretation of Code § 18.2-46.1, and in finding sufficient evidence of a street gang, I would rely on evidence additional to the evidence considered by the majority.
The majority holds that pursuant to Code § 18.2-46.1 and the rules of statutory construction, “the criminal acts establishing the existence of the criminal street gang [must] occur before, not contemporaneously with, the offense for which the existence of the criminal street gang is required.” Supra at 537, 694 S.E.2d at 810 (emphasis in original). I respectfully disagree and would hold that appellant’s recruitment of A.G. may constitute both one of the two predicate criminal acts establishing the Bloods as a criminal street gang and the underlying action that serves as the basis of the violations of Code §§ 18.2-46.2 and 18.2-46.3.1 do not believe the language of the relevant statutes precludes this holding.
Both Code §§ 18.2-46.2 and 18.2-46.3 require the Commonwealth to prove the existence of a criminal street gang. Contrary to the majority’s holding, I do not believe these code sections create a sequential fact-finding process in which the circuit court must first find that a criminal street crime exists *544 prior to a determination of whether the criminal act that is the subject of the prosecution occurred. I would suggest that the finder of fact is authorized to look at all of the circumstances presented at the time of the offense which formed the basis of the criminal charge, and then if that offense is defined by Code § 18.2-46.1 as one of the predicate acts that proves the existence of a criminal street gang, it may prove both the existence of the criminal street gang and the criminal act that is the subject of the prosecution.
To support this interpretation, I note that Code § 18.2-46.1 provides that a violation of Code § 18.2-46.3, which prohibits the recruitment of individuals for membership in a street gang may be considered a predicate criminal act in the determination of whether a street gang exists. This Court “must assume that ‘the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.’” Rasmussen v. Commonwealth, 31 Va.App. 233, 238, 522 S.E.2d 401, 403 (1999) (quoting Frazier v. Commonwealth, 27 Va.App. 131, 135, 497 S.E.2d 879, 881 (1998)). “If the several provisions of a statute suggest a potential conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent.” Mejia v. Commonwealth, 23 Va.App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (en banc). By mandating that the recruitment of an individual to a criminal street gang is one factor that actually proves the existence of a criminal street gang, the General Assembly authorized finders of fact to engage in an analysis of the totality of the circumstances, rather than a sequential fact-finding process. The term “recruitment” by general definition would seem to suggest the existence of a street gang, and yet, the framework of the statute recognizes that proof of the act of recruitment may constitute one of the elements proving the existence of a street gang. In my view, the General Assembly’s proscription of recruitment for gang membership reflects the legislature’s recognition of the insidious nature of the gang culture. Accordingly, the General Assembly criminalized not only the illegal acts associated -with participation in a criminal *545 street gang, but also prohibited the recruitment of individuals for these kinds of criminal enterprises.
Given the analytical framework suggested by the General Assembly’s decision to allow a violation of Code § 18.2-46.3 to be a predicate act proving the existence of a criminal street gang, I would find that appellant’s recruitment of A.G. for the Bloods may be one of the predicate criminal acts that established the Bloods as a criminal street gang.
I agree with the majority’s judgment that the conviction of Al-Tarik Sumner constituted a predicate criminal act pursuant to Code § 18.2-46.1 that established the existence of a criminal street gang. Furthermore, I concur in the majority’s judgment that Detective Gavin’s and A.G.’s testimony of the pre-2006 criminal activity of the Bloods also proved the Bloods had committed the predicate criminal acts required by Code § 18.2-46.1. Accordingly, I concur in the majority holding that the Bloods were a criminal street gang at the time appellant recruited A.G., while I disagree with the majority’s limited rationale in reaching this conclusion. I further concur in the majority’s judgment to reverse appellant’s conviction for felony participation in a street gang that includes a juvenile and remand the case to the circuit court for trial on the charge of Class 5 felony participation in a street gang, if the Commonwealth be so advised.