## City of Virginia Beach

### v.

## ESG Enterprises, Inc., et al.

Record No. 910220

January 10, 1992

Present: All the Justices

*L. Steven Emmert, Assistant City Attorney (Gary L. Fentress, Deputy City Attorney*, on brief), for appellant.

*James C. Lewis (John M. Cooper; Croshaw, Siegel, Beale, Hauser & Lewis*, on brief), for appellees.

*Amicus Curiae*: City of Chesapeake, Virginia. (Ronald S. Hallman, City Attorney; Jan L. Proctor, Assistant City Attorney, on brief), for appellant.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether Code § 58.1-3237 authorizes the City of Virginia Beach to assess "roll-back"[1] taxes against real property whose use has not changed even though the property has been rezoned to a classification which permits a more intensive use.

ESG Enterprises, Inc., a Virginia corporation, and The Doustan Partnership, a Virginia general partnership (collectively referred to as "the taxpayers"), executed a purchase agreement with the Virginia Beach Development Authority, a tax-exempt entity. The

---

[1] A roll-back tax in this context is one which recaptures some or all of the increment of tax reduction afforded to a property for a specified period of years prior to the end of the preferential tax treatment. Under the statute here at issue, the tax is based on the deferred liability with interest reaching back five years prior to the end of the preference. Code § 58.1-3237(B).

taxpayers agreed to sell approximately 120 acres of real property in Virginia Beach to the Authority. The property was enrolled in a special assessment for land preservation program which accorded preferential tax treatment to agricultural property.

The purchase agreement contained a provision which would have rendered the agreement voidable if the Authority could not obtain a change in the zoning status of the property from agricultural to business and industrial use. On April 21, 1989, the Authority submitted the appropriate rezoning applications to the City. Subsequently, the City approved the rezoning applications, the property was rezoned to a classification which permits business and industrial use, and the taxpayers conveyed the property to the Authority. The City then assessed roll-back taxes against the taxpayers even though the use of the property did not change from its agricultural nature during the time the taxpayers owned it.

The taxpayers paid the taxes under protest and filed a petition against the City to correct erroneous tax assessments. Both sides filed motions for summary judgment and submitted exhibits and memoranda of law. The trial court granted the taxpayers' motion for summary judgment and held that Code § 58.1-3237 does not authorize the City to collect roll-back taxes until an actual change in the intensity of the use of the property occurs. The court ordered that the City refund $60,343.39 to the taxpayers, plus costs and interest. We granted the City this appeal.

 Code §§ 58.1-3230 through -3244 permit counties, cities, and towns to establish special taxation assessments for land preservation, including "real estate devoted to agricultural use." Code § 58.1-3230. Code § 58.1-3237 states, in relevant part:

> A. When real estate qualifies for assessment and taxation on the basis of use under an ordinance adopted pursuant to this article, and the use by which it qualified changes to a nonqualifying use, it shall be subject to additional taxes, hereinafter referred to as roll-back taxes.
>
> B. The roll-back tax shall be equal to the sum of the deferred tax for each of the five most recent complete tax years including simple interest on such roll-back taxes at a rate set by the governing body . . . .
>
> C. *Liability to the roll-back taxes shall attach when a change in use occurs* but not when a change in ownership of

the title takes place if the new owner continues the real estate in the use for which it is classified under the conditions prescribed in this article and in the ordinance. *The owner of any real estate rezoned as provided in subsection D, or liable for roll-back taxes, shall, within sixty days following such change in use or zoning,* report such change to the commissioner of the revenue or other assessing officer on such forms as may be prescribed. The commissioner shall forthwith determine and assess the roll-back tax, which shall be assessed against and paid by the owner of the property at the time the change in use which no longer qualifies occurs and shall be paid to the treasurer within thirty days of the assessment . . . .

D. Real property rezoned to a more intensive use, at the request of the owner or his agent, *shall be subject to the roll-back tax at the time the zoning is changed.* Real property rezoned to a more intensive use before July 1, 1988, at the request of the owner or his agent, shall be subject to the roll-back tax at the time the qualifying use is changed to a non-qualifying use.

Code § 58.1-3237 (emphasis added).

In 1988 the General Assembly amended Code § 58.1-3237 and added additional provisions, including all of subsection D quoted above. The City, relying primarily upon the emphasized language in subsection D, argues that Code § 58.1-3237 permits it to assess and collect roll-back taxes when the taxpayers' property was rezoned to a more intensive use. Furthermore, the City argues that the phrase "[l]iability to the roll-back tax" contained in subsection C is synonymous with the phrase "subject to the roll-back tax" in subsection D and, thus, subsection D permits the levy of the roll-back taxes if property is rezoned to a more intensive use.

■ We recently articulated principles of statutory construction that we must apply when a statute, such as Code § 58.1-3237, is clear and unambiguous.

While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of

a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.

*Barr* v. *Town and Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting *Watkins* v. *Hall*, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)). Additionally, when analyzing a statute, we must assume that "the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." *Barr*, 240 Va. at 295, 396 S.E.2d at 674.

■ It is clear from the language that the General Assembly chose that subsection C is determinative of the timing and payment of the roll-back assessment. Subsection C states that "[l]iability to the roll-back taxes shall attach when a change in use occurs." Significantly, the General Assembly chose not to change this language when it enacted the 1988 amendments. As the City concedes, before the 1988 amendments became effective, real property enrolled in the special assessment for land preservation program was not subject to roll-back taxation until a change in use occurred.

■ Before the enactment of the 1988 amendments, the amount of the roll-back tax was the deferred tax for the five years preceding the date that the use of the property changed. Thus, before the effective date of the amendments, property could be rezoned to a more intensive use but remain in a qualifying use for an unspecified period of time yet the taxpayer's liability would be fixed at five years from the date the taxpayer actually changed the use of the property.[2]

■ The 1988 amendments changed this scheme by including language in subsection D that renders the property "subject to" roll-back taxes as of the date of the rezoning. Thus, subsection D changes the calculation of the amount of the tax payable under subsection B.[3] A literal construction of the language in subsection

---

[2] Code § 58.1-3229 defines the various qualifying classifications which are necessary for property to receive preferential tax treatment in the special assessment for land preservation program.

[3] Subsection B, which was also added in the 1988 amendments, requires that the roll-back tax shall be an amount equal to the difference between the actual tax levied and the tax that would have been levied for the most recent complete tax years preceding the date of the rezoning if the property had not received preferential tax treatment.

D indicates that property which enjoys the special tax treatment shall be "subject to" roll-back taxes when a non-qualifying zoning classification occurs, but, as provided in subsection C, the roll-back taxes cannot be assessed and collected until the non-qualifying use occurs.

We hold that Code § 58.1-3237 does not permit the City to assess roll-back taxes until a more intensive use of the property occurs. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*