COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


CLIFFORD E. WRIGHT
                                                OPINION BY
v.   Record No. 1175-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                              JUNE 18, 2002
SALLIE D. WRIGHT


          FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                  Burke F. McCahill, Judge

          Christine Mougin-Boal (Paice & Mougin-Boal,
          P.C., on briefs), for appellant.

          Ann B. Vance (Carr & Vance, P.C., on brief),
          for appellee.


     In this domestic relations case, Clifford E. Wright (husband)

appeals the trial court's award of spousal support and attorney's

fees.  On appeal, he contends the trial court erred by: (1) using

Code § 20-107.1 to determine an award of final spousal support

rather than Code § 20-109; (2) finding husband failed to prove

adultery as a bar to spousal support pursuant to Code § 20-91(1);

(3) finding husband had a greater degree of fault in the breakup

of the marriage; (4) finding wife was unable to work due to her

physical and mental disabilities; and (5) abused its discretion in

awarding an excessive amount of spousal support and attorney's

fees.  Finding no error, we affirm.

I. BACKGROUND

On appeal, we construe the evidence in the light most favorable to wife, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. See Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

So viewed, the evidence established that the parties were married on August 6, 1983 and separated June 27, 1994. There were no children born of the marriage. Husband left the marital home at wife's request. On March 6, 1997, a consent order was entered by the Loudoun County Juvenile and Domestic Relations District Court ordering $500 a month temporary spousal support. The parties had no property settlement agreement but resolved all issues prior to trial other than the grounds for divorce, spousal support and attorney's fees. Neither husband nor wife alleged a fault ground of divorce in their pleadings.

Husband, a truck driver, has an annual income of approximately $41,000. He has lived with his girlfriend on and off since the parties separated. During the marriage, the relationship between husband and wife was replete with allegations of physical and mental abuse on both sides. Husband admitted to having physical altercations with wife during which he broke her toe and ribs on one occasion and "mess[ed] her eye all up" on another. Wife admitted she tried to stab husband and

-

that there were problems throughout the marriage.  Both drank heavily.  The trial court found "both parties have trouble recalling the events" described above.

Wife did not work consistently during the marriage.  At the time of the trial, wife was unemployed and received social security income of $32 per month plus food stamps of $117 per month.  She showed a monthly need of $1,381 per month.[1]  While the parties were living together, wife was involved in a serious car accident in which she sustained a skull fracture and a large laceration on her forehead.  After extensive medical treatment for the injuries sustained in the accident and her pre-existing mental and physical problems, Dr. Richard T. Leschak diagnosed her with chronic cognitive complaints due to a combination of 1) significant head injury with loss of consciousness, 2) medications which can affect cognitive functioning, 3) psychiatric problems that make her anxious and depressed, and 4) sleep disorder.  Additional medical reports diagnosed her as bipolar and suffering from hallucinations.  She has congenital bilateral hearing loss that requires hearing aids, has twice been hospitalized for psychiatric problems and has attempted suicide.

---

[1] Wife received initial social security benefits of $512 per month but because the existence of the spousal support order was not revealed in her application for benefits, her payments were reduced and she must repay $12,960.

-

Wife currently lives with Mike Woods and his mother in Woods' mother's home. She rents two rooms. Prior to moving in with Mr. Woods' mother, she was living with Mike Woods at a home she rented. She admitted to having had sexual relations with Woods two or three times after the parties separated. This occurred after her hospitalization for a suicide attempt, and she denied further relations.

In a letter opinion, dated December 6, 2000, the trial court granted wife a divorce based on separation for more than one year. The trial court analyzed husband's argument that the initial determination of whether wife should receive spousal support should be determined under Code § 20-109 rather than Code § 20-107.1. He found that "[Code §] 20-109 deals with the modification of final awards and not the situation [of the determination of an initial support award]."[2] The trial court then found that husband had not proven a ground for divorce under Code § 20-91(1) that would be a bar to an award of spousal support under Code § 20-107.1 and that the "respective degrees of fault" weigh more heavily against husband. The trial court also noted:

> [h]ad this finding [a ground for divorce
> under Code § 20-91(1) (adultery) that would

---

[2] Appellant concedes that this is an initial determination of spousal support because the consent order entered in the Loudoun County Juvenile and Domestic Relations District Court pursuant to Code § 16.1-241(L) is not "res judicata in any subsequent action for spousal support in a circuit court."

-

be a bar to spousal support] been made, I
believe that there is clear and convincing
evidence that a denial of support and
maintenance would constitute a manifest
injustice, based upon the respective degrees
of fault during the marriage and the
relative economic circumstances of the
parties.

He then considered the requisite factors under Code § 20-107.1(E) in determining spousal support and found wife's mental condition to be the substantial factor in the determination of spousal support.

[W]ife has a very serious bi-polar [sic]
disorder and . . . she is absolutely unable
to be employed. She is not able to hold a
job in any capacity at this time or in the
future. She also has a neurological problem
and suffered a closed head injury from an
auto accident. She is severely,
chronically, malignantly afflicted with this
psychiatric disorder. She has extreme
depression and mania, including
hallucinations and delusions at times when
it is worse. She does not respond well to
medication. Her memory is very bad . . . .
[S]he suffers from a hypothyroid disorder, a
GI disorder, psychiatric illness, menopause
symptoms and elevated cholesterol . . . .
She has limited memory recall and hearing
loss.

\*  \*  \*  \*  \*  \*  \*

The [wife] is in a desperate situation. She
has to rely on others to remind her to go to
her appointments. She receives food stamps,
limited SSI and has limited resources. She
suffers from a serious mental illness and
has cognitive difficulties. The fact that
she is able to go to the [bar] and dance and
consume alcohol that is contraindicated due
to her medication does not alter the fact
that she is almost totally dependent on her
husband and is unable to be employed. The

-

> social security she received has now been
> cut dramatically and she is in debt.  She
> lives a very modest life and has very modest
> needs . . . .  The circumstances of this
> case do not permit an award that will meet
> the wife's needs fully however I believe
> that support should be fixed at $750.00 per
> month effective December 1, 2000.  The
> attorney for the wife is awarded attorney
> fees of $1500 to be paid within 180 days.

On husband's motion to reconsider, the trial judge amended the grant of the divorce to wife and granted both parties a divorce on the ground of separation for more than one year.  The final decree of divorce was entered April 2, 2001.

## II.  CODE §§ 20-109 AND 20-107.1(E)

Husband first contends that the trial court erred in determining his spousal support obligation using Code § 20-107.1 rather than Code § 20-109.  He argues that the language of Code § 20-107.1(B), "any maintenance and support shall be subject to the provisions of Code § 20-109," requires that the final support award be governed by the additional dictates of Code § 20-109.  We disagree and hold that Code § 20-107.1 establishes the criteria to be used for the initial setting of spousal support and that Code § 20-109 applies to a modification of that award.  The language relied upon by husband denotes only that a final support award properly calculated using Code § 20-107.1 factors is subject to later modification under the criteria established in Code § 20-109.

-

"Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992). "Unless a literal construction of a statute would result in internally conflicting provisions amounting to a manifest absurdity, courts cannot construe a statute in a manner that would result in holding the legislature did not mean what it actually expressed." Id. at 910, 421 S.E.2d at 205 (internal citations omitted). "[W]hen analyzing a statute, we must assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." City of Virginia Beach v. ESG Enters., Inc., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (internal citations omitted).

Code § 20-107.1 provides in pertinent part:

> Court may decree as to maintenance and support of spouses.
>
> A. [U]pon the entry of a decree providing (i) for the dissolution of a marriage, (ii) for a divorce, whether from the bond of matrimony or from bed and board, (iii) that neither party is entitled to a divorce, or (iv) for separate maintenance, the court may . . . decree as it deems expedient concerning the maintenance and support of the spouses. However, the court shall have no authority to decree maintenance and support payable by the estate of a deceased spouse.

-

Code § 20-107.1(B) provides:

> Any maintenance and support shall be subject
> to the provisions of § 20-109, and no
> permanent maintenance and support shall be
> awarded from a spouse if there exists in
> such spouse's favor a ground of divorce
> under the provisions of subdivision (1) of
> § 20-91.[3]  However, the court may make such
> an award notwithstanding the existence of
> such ground if the court determines from
> clear and convincing evidence, that a denial
> of support and maintenance would constitute
> a manifest injustice, based upon the
> respective degrees of fault during the
> marriage and the relative economic
> circumstances of the parties.

(Footnote added.)

Code § 20-109 provides in pertinent part:

> Changing Maintenance and support . . . .
>
> A.  Upon petition of either party the court
> may increase, decrease, or terminate the
> amount or duration of any spousal support
> and maintenance that may thereafter accrue,
> whether previously or hereafter awarded, as
> the circumstances may make proper.  Upon
> order of the court based upon clear and
> convincing evidence that the spouse
> receiving support has been habitually
> cohabiting with another person in a
> relationship analogous to a marriage for one
> year or more commencing on or after July 1,
> 1997, the court shall terminate spousal
> support and maintenance . . . .

The statutory scheme established by the legislature is

well-established and authorizes three steps in determining a

---

[3] The grounds for divorce listed in Code § 20-91(A)(1) are
adultery and sodomy or buggery committed outside the marriage.

party's support obligation.  Code § 20-103[4] provides for

temporary support during the pendency of the divorce proceedings

which may be awarded irrespective of a spouse's right to receive

final support following the dissolution of the marriage.

Code § 20-107.1 establishes the method to determine a final

support obligation and requires consideration of the thirteen

additional enumerated factors.  Code § 20-109 is the designated

method to modify an already existing award.  See Weizenbaum v.

Weizenbaum, 12 Va. App. 899, 407 S.E.2d 37 (1991).

Appellant contends that because Code § 20-107.1 references

Code § 20-109, the legislature must have intended to require a

court to consider cohabitation as well as adultery to bar an

initial award of support.  Appellant cites no authority for this

proposition and concedes that Code § 20-109 has been applied

---

[4] Code § 20-103 provides in pertinent part:

> A.  In suits for divorce, annulment and
> separate maintenance, and in proceedings
> arising under . . . subsection L of
> § 16.1-241, the court having jurisdiction of
> the matter may, at any time pending a suit
> pursuant to this chapter, in the discretion
> of such court, make any order that may be
> proper (i) to compel a spouse to pay any
> sums necessary for the maintenance and
> support of the petitioning spouse, . . . .
>
>     \*    \*    \*    \*    \*    \*    \*
>
> E.  An order entered pursuant to this
> section shall have no presumptive effect and
> shall not be determinative when adjudicating
> the underlying cause.

-

only to modification of a final award.  See Pellegrin v.

Pellegrin, 31 Va. App. 753, 525 S.E.2d 611 (2000) (final decree

and property settlement agreement entered 1991 and pursuant to

Code § 20-109, husband requested modification of his spousal

support because wife was cohabiting with another); Rubio v.

Rubio, 33 Va. App. 440, 534 S.E.2d 336 (2000) (en banc) (final

decree and property settlement agreement entered in 1994 and in

1999 and pursuant to Code § 20-109 husband alleged wife was

living in a relationship analogous to marriage and asked that

spousal support be terminated); Hering v. Hering, 33 Va. App.

368, 533 S.E.2d 368 (2000) (final decree and property settlement

agreement entered in 1995 and pursuant to Code § 20-109, husband

alleged wife was living in a relationship analogous to marriage

and asked that spousal support be terminated); Lane v. Lane, 32

Va. App. 125, 526 S.E.2d 773 (2000) (final decree and property

settlement agreement entered in 1988 and pursuant to Code

§ 20-109, husband requested modification of spousal support

which trial court found could be modified under Code § 20-109

but circumstances did not warrant a change); and Blackburn v.

Michael, 30 Va. App. 95, 515 S.E.2d 780 (1999) (parties were

divorced by decree that incorporated their property settlement

agreement and pursuant to Code § 20-109, husband requested a

reduction in his spousal support).

The plain language of Code § 20-109(A), "the court may

increase, decrease or terminate the amount . . . of spousal

-

support," belies husband's contention. This language presupposes the existence of a final award which is subject to later modification if the additional criteria of Code § 20-109 are met. Additionally, adultery as referenced in Code §§ 20-107(1) and 20-91(1) can be committed only by a party prior to the dissolution of the marital relationship, while cohabitation as referenced in Code § 20-109 refers only to the status of an unmarried person.[5]

Thus, we agree with the trial court that wife's request for spousal support was properly determined by using the criteria of Code § 20-107.1.[6]

### III. ADULTERY

Appellant next contends the trial court erred in finding that he failed to prove post-separation adultery as a bar to spousal support. Assuming, without deciding, that husband proved adultery, ample evidence supports the trial court's

---

[5] Adultery is defined as "[v]oluntary sexual intercourse of a married person with a person other than the offender's husband or wife." Black's Law Dictionary 47 (5th ed. 1979) (emphasis added). Cohabitation is defined as "[t]he mutual assumption of those marital rights, duties and obligations which are usually manifested by married people, including but not necessarily dependent on sexual relations." Black's, supra, 236.

[6] Because of our holding on this issue, we do not address husband's additional assignment of error that the evidence established that "wife was cohabiting in a relationship analogous to marriage" under Code § 20-109.

-

finding that under Code § 20-107.1(B) denial of support and maintenance would constitute a manifest injustice.

"On appeal, the trial court's findings must be accorded great deference.  In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.  We will not disturb the trial court's decision where it is based on an <u>ore</u> <u>tenus</u> hearing, unless it is plainly wrong or without evidence in the record to support it."  <u>Moreno v. Moreno</u>, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (internal citations omitted).

The evidence established that wife suffered from severe physical and mental problems throughout the marriage.  She was unable to work and in a "desperate situation" with no evidence to suggest possible improvement.  Husband argues that the evidence showed that wife was equally at fault for the dissolution of the marriage and, thus, the exception should not apply.  Credible evidence also supports the trial court's finding that the respective degrees of fault weighed against husband.  Both drank heavily, fought with each other, and had relationships with other parties prior to the divorce.  While the parties admitted to egregious behavior during the course of the marriage, the trial court evaluated the testimony and determined that husband's actions were more detrimental. Credible evidence supports this finding.

-

## IV.  WIFE'S UNEMPLOYMENT

"Decisions concerning . . . [spousal] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).  "The weight which should be given to evidence . . . [is a] question which the trier of fact must decide."  Luczkovich v. Luczkovich, 26 Va. App. 702, 715, 496 S.E.2d 157, 163 (1998) (citations omitted).

Husband next contends the trial court erred in finding wife to be unemployable due to her physical and mental disabilities. This contention is without merit.  Wife's treating physician, Dr. Jane B. Terry, testified that wife was unable to work because of her physical and mental disabilities and the effects of her required medication.  Husband's reliance on testimony by a nurse practitioner that wife could do some part-time work does not compel a different finding.  Credible evidence supports the trial court's finding that wife is unemployable.

## V.  SPOUSAL SUPPORT AND ATTORNEY'S FEES

Lastly, husband contends the trial court erred in awarding an excessive amount of spousal support and attorney's fees to wife.

"In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties.  [It] is guided by the . . . factors that are set forth in

-

Code § 20-107.1.  When the [trial court] has given due consideration to these factors, [its] determination will not be disturbed on appeal except for clear abuse of discretion." Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

"'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'"  Moreno, 24 Va. App. at 194-95, 480 S.E.2d at 794 (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

"An award of attorney's fees and costs is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).

"The key to a proper award of counsel fees is reasonableness under all the circumstances." Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996).

Husband earns approximately $41,000 per year.  Wife receives $384 in social security income and $1,400 in food stamps per year.  She showed a monthly deficit of $1,381.  The trial court ordered $750 per month in spousal support, thus giving wife a yearly income of approximately $9,000.  The amount awarded is not excessive when wife's unemployment and physical

-

and mental disabilities are considered.  The total amount of wife's attorneys' fees was approximately $15,000, and the trial court awarded $1,500.  In the instant case, there is no evidence the trial court abused its discretion.

## VI.  ATTORNEY'S FEES FOR APPEAL

Wife has requested attorney's fees for matters relating to this appeal.  Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of additional attorney's fees, and we remand for an award of further costs and counsel fees incurred in this appeal.

For the foregoing reasons, we affirm the trial court and remand for consideration of counsel fees on appeal.

<u>Affirmed and remanded</u>.