COURT OF APPEALS OF VIRGINIA


Present:    Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


LUCY DAVIS HANSEN, N/K/A
 LUCY ROCKWOOD

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2092-03-1                      JUDGE ELIZABETH A. McCLANAHAN
                                                              JUNE 15, 2004
EUGENE WILLIAM HANSEN


                  FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            John C. Morrison, Jr., Judge

            Peter V. Chiusano (Kimberly L. Stegall; Willcox & Savage, on brief), for
            appellant.

            Eugene W. Hansen, *pro se*.


        Lucy Davis Hansen, now known as Lucy Rockwood, appeals an order denying her

motion to declare default for Eugene William Hansen's failure to sell certain real property in the

City of Norfolk within a reasonable time and distribute a portion of the proceeds in accordance

with the parties' agreement.  She contends that the evidence established at the hearing on the

motion did not support the trial court's decision.  For the reasons that follow, we affirm the trial

court.

                                    I.  Background

        When reviewing a chancellor's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences.

Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002); Donnell v. Donnell, 20

Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Lucy Rockwood and Eugene William Hansen divorced in 2002. Prior to the divorce, the parties had entered into a "Stipulation and Property Settlement Agreement." That agreement provided that Rockwood was to receive sufficient funds from the sale of an historic property in downtown Norfolk, owned by Hansen, to bring her investment portfolios up to $600,000. Rockwood used the portfolio income to pay her living expenses.

The agreement also included a requirement that Hansen was to provide Rockwood with reports regarding the status of the property and efforts toward sale if the property did not sell within six months of the agreement. At the end of 2001, because Hansen had not yet sold the property, Rockwood filed a motion to reopen the case and compel compliance with the agreement, which the court granted. After more than a year of discovery and discovery-related motions, Rockwood filed a motion to declare default for failure to sell the property contending that a reasonable time had passed for the sale of the property and that Hansen was not acting in good faith.

At the hearing on the motion, Rockwood attempted to show that: the agreement required Hansen to sell the property; Hansen had delayed selling the property and had withdrawn equity from it; Hansen was dragging his feet and not actively marketing the property; the property should have been sold within 18-24 months of its listing for sale; and the asking price was too high.

Rockwood called Hansen, William C. Overman, a real estate agent responsible for marketing the property, and Michael Myers, a real estate broker familiar with the Norfolk market. Hansen testified that the agreement did not require him to sell the property. He stated that the agreement "says upon the sale. It doesn't call for a sale." He also testified that the property had been continuously for sale since 1997 and that he had received two unsuccessful contracts, one for an amount in excess of the current asking price. He admitted that he had

refinanced the property, but because of the refinance, the property had positive equity for the first time.

Overman testified that he did not believe that the asking price for the property was too high. He stated that "1.3 million is the asking and we need room for appreciation and . . . negotiation." He also confirmed that the building had been aggressively marketed and that Hansen aggressively desired to sell the building. Overman testified that a building could be priced using a number of methods, including using valuations of comparable properties, replacement value, or a cash-flow basis. He opined that by using any of the methods the building was not overpriced. Overman also testified that the valuations of the properties in the area had escalated substantially over the past three years. He said that because the property was fully leased, likely buyers would be investors, and buyers who would be interested "from the owner/occupant standpoint" are "pretty much knock[ed] out."

Myers testified that a building normally sells within a year-and-a-half, and if it doesn't, the likely reason is that the property is priced too high. Myers said that in his opinion the building was priced too high. However, he also admitted that he had not done a complete appraisal of the building and that he had not thoroughly inspected the property. He also testified that because the property was fully leased, any likely buyers would be investors.

Rockwood testified on her own behalf. She stated that the purpose of the investment portfolio was to provide her with funds for everyday living expenses. On cross-examination, she stipulated that the agreement provided no time period in which the building was to be sold.

In ruling, the trial court stated:

> I can't find that [Hansen]'s not actively trying to market this
> property. It is unfortunate as far as Ms. Rockwood's view is
> concerned that the property has not been sold, but there just is no
> indicia here from which I could make a finding that he's dragging

his feet and not actively trying to market this, so that being the case
I am going to deny [the] motion.

This appeal followed.

## II.  Analysis

Where a "court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (citing Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).  In this case, the record shows ample evidence to support the decision of the chancellor.  The appellant's evidence included testimony that the property was not overpriced, that Hansen was aggressively marketing the building, and that he was not dragging his feet.  Rockwood stipulated that the agreement did not provide a time period in which the building was to be sold.  Therefore, we cannot say that the decision of the trial court was plainly wrong or without evidence to support it.

Rockwood requests the Court to award her attorney's fees and costs and expenses incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Upon a review of the record, we find the litigation addressed appropriate and substantial issues and that Hansen did not generate unnecessary delay or expense in pursuit of his interests.  Therefore, the request is denied.

## III.  Conclusion

Accordingly, the decision of the trial court to deny the motion to declare default for Hansen's failure to sell the Freemason Street property in the City of Norfolk is affirmed.

Affirmed.