COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Frank and Humphreys
Argued by teleconference


KIMBERLY L. EVANS

MEMORANDUM OPINION[*] BY
v.        Record No. 0400-05-3                    JUDGE ROBERT P. FRANK
                                                  DECEMBER 28, 2005

STUART N. EVANS


FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Michael L. Moore, Judge

Robert M. Galumbeck (Galumbeck, Necessary, Dennis & Kegley, on
brief), for appellant.

Stephen E. Arey (Stephen E. Arey, P.C., on brief), for appellee.


Kimberly L. Evans, mother, appeals an order of the trial court awarding primary physical

custody of the parties' daughter to Stuart N. Evans, father. On appeal, mother contends the trial

court erred by failing to properly consider the factors set forth in Code § 20-124.3(3), 20-124.3(4),

and 20-124.3(6); the father's misconduct and the positive aspects of mother's life; the

recommendations of the guardian *ad litem*; and the best interests of the child. For the reasons that

follow, we affirm the trial court.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The record reflects that the guardian *ad litem* for the child was provided notice of this
appeal pursuant to Rule 5A:6. However, we note that the guardian *ad litem* failed to file an
appellate brief, appear during oral argument, or otherwise enter an appearance before this Court.
According to Standard J of the "Standards to Govern the Performance of Guardians *Ad Litem* for
Children," effective September 1, 2003, a guardian *ad litem* is required to "[f]ile appropriate
petitions, motions, pleadings, briefs, and appeals on behalf of the child and ensure the child is
represented by a [guardian *ad litem]* in any appeal involving the case."

The parties presented evidence at a hearing on August 11, 2004.  Mother testified that she has worked as a nurse at Bluefield Regional Medical Center for the past five years.  She indicated that she was the primary caretaker of the parties' daughter.[3]  Daughter attended school in Bluefield and was receiving good grades.  Mother testified that if father were awarded custody, daughter would have to move to a different city and change schools.

Mother has a son from a previous marriage who is very close to the parties' daughter.  Mother admitted she had an extra-marital affair during the summer and fall of 2002.  She also acknowledged her participation in "nude" video chat rooms through her computer.

Father testified that during the marriage, he did most of the housekeeping and cooking for the family.  He would take care of the children while mother worked.  When both parents worked, his mother would care for the children.  Father noted that mother would leave daughter with his mother for days at a time.  Father felt that mother was uncooperative in trying to equalize the amount of time each parent spent with daughter.  He testified that mother had not given him a medical card from her employer while he had custody of daughter and that mother did not notify him of daughter's hospitalization in March 2004.  He also noted that mother's family was not close to daughter and was not supportive.  Father admitted that he has attended strip clubs.

Father's mother testified that the daughter has her own room at her house.  After school, the daughter would stay with her.  Father works with his father at a shop located on his parents' property, so father would be present with daughter during the day.  Grandmother further testified

---

[2] In lieu of a transcript, we review the facts as set forth in a written statement pursuant to Rule 5A:8.

[3] The record does not disclose the age of the child.

that daughter has a good relationship with all members of father's family, who are supportive in his parenting efforts.

Father testified that mother, a nurse, had taken diet pills, claratin, darvone, morphine, and a syringe from the hospital where she was employed. He found these items hidden in various places within the home. Mother responded that during her rounds she would pick up medications and put them in her pockets to dispose of at the end of her shift. On one occasion, she brought the medications home by mistake. Mother admitted that removing drugs from the medical center violated hospital policy, yet her employer did not reprimand her for the incident.

After the parties first separated, mother had custody of daughter and did not allow father to visit the child for eight weeks until the parties appeared in the juvenile and domestic relations district court.

The guardian *ad litem* opined that it was in the best interests of daughter to be placed in mother's custody.

On August 12, 2004, the trial court issued an opinion letter awarding primary physical custody of daughter to father, with extensive visitation for mother. Mother filed a motion for reconsideration, and the guardian *ad litem* filed a motion stating that it was in the child's best interests to be in mother's custody. The trial court denied the motions and on November 9, 2004, the court issued a second opinion letter, stating in detail the reasons for its decision. The trial court also ordered the parties and the child to participate in counseling, as requested by the guardian *ad litem*. Mother appealed to this Court.

ANALYSIS

When determining child custody or visitation arrangements pursuant to Code § 20-124.2, no presumption exists in favor of either parent, and the trial court is required to give "primary consideration" to the evidence presented as it relates to the factors listed in Code § 20-124.3 to

determine what arrangement is in the best interests of the child.  See Code §§ 20-124.2, 20-124.3.

"The court shall assure minor children of frequent and continuing contact with both parents, when

appropriate, and encourage parents to share in the responsibilities of rearing their children," but the

court retains the discretion to award "joint custody or sole custody."  Code § 20-124.2(B).

The trial court is not required to quantify or elaborate what weight or consideration it has

given to each of the factors enumerated in Code § 20-124.3 or to weigh each factor equally.  See

Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995).  It is vested with broad

discretion to safeguard and promote the child's interests, and its decision will not be reversed

unless plainly wrong or without evidence to support it.  Farley v. Farley, 9 Va. App. 326, 328,

387 S.E.2d 794, 795 (1990).  When reviewing a trial court's decision on appeal, we view the

evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable

inferences.  Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002).

Essentially, appellant challenges the sufficiency of the evidence.  She argues that the trial

court did not properly consider the factors set out in Code § 20-124.3(3), 20-124.3(4) and

20-124.3(6), which provide in relevant part:

> In determining best interests of a child for purposes of determining
> custody or visitation arrangements . . . the court shall consider the
> following:
>
> \*    \*    \*    \*    \*    \*    \*
>
> 3.  The relationship existing between each parent and each child,
> giving due consideration to the positive involvement with the
> child's life, the ability to accurately assess and meet the emotional,
> intellectual and physical needs of the child;
>
> 4.  The needs of the child, giving due consideration to other
> important relationships of the child, including but not limited to
> siblings, peers and extended family members;
>
> \*    \*    \*    \*    \*    \*    \*

6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child[.]

In its November 9, 2004 opinion letter, the trial court stated that both parents "have a good relationship with the child and are able to meet her emotional, intellectual and physical needs." The court also noted that both parents participated in daughter's activities. In addition, the trial court stated that it was "concerned about the moral fitness of both parents," citing mother's adulterous relationship and father's attendance at "strip clubs."

Although mother argues on appeal that the trial court did not properly consider certain factors of Code § 20-124.3, the trial court specifically stated that it considered "all the additional" factors in Code § 20-124.3 in determining that it was in daughter's best interests to be in the primary physical custody of father, with both parents sharing legal custody. Furthermore, the trial court sought to provide mother with generous visitation rights, finding that daughter "needs frequent and meaningful contact with mother" and ordering an "expanded" visitation schedule with mother.

Appellant next contends the trial court did not follow the recommendations of the guardian *ad litem*. The written statement of facts shows that the guardian *ad litem* made her recommendations to the trial court at the August 11, 2004 hearing. Subsequently, the guardian *ad litem* filed a motion stating more specifically the reasons why she believed it was in daughter's best interest to be in mother's custody. Thus, the record shows the guardian *ad litem* made her opinions and recommendations known to the trial court. However, the recommendations of the guardian *ad litem* are not binding or controlling on the court. Bottoms v. Bottoms, 249 Va. 410, 420, 457 S.E.2d 102, 108 (1995). Moreover, the trial court followed several of the recommendations of the guardian *ad litem*, such as ordering the parties to obtain counseling and ordering the parents not to make derogatory or inappropriate remarks concerning the other parent in the child's presence. In addition,

the court ordered that daughter was not to be exposed to illegal or immoral behavior, a concern expressed by the guardian *ad litem*.

The record demonstrates that the trial court carefully considered and weighed the evidence. Its decision focused on daughter's best interests. Contrary to mother's contention, the trial court properly considered the relationship between each parent and the child, the child's relationship with other family members, the propensity of each parent to support the child's relationship with the other parent, the moral fitness of each parent, the recommendations of the guardian *ad litem*, and the best interests of the child. Mother has not demonstrated that the trial court abused its discretion, and we cannot say that the custody decision of the trial court was plainly wrong or without evidence to support it. Accordingly, the trial court's decision is affirmed.

<u>Affirmed.</u>