COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Chafin and Senior Judge Haley


DWAYNE L. COOK

                                                    MEMORANDUM OPINION*
v.      Record No. 2104-14-2                        PER CURIAM
                                                    MAY 12, 2015
LORETTA S. COOK


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

(Michael S. Ewing; Alvin A. Lockerman, Jr.; Batzli Stiles Butler PC,
on briefs), for appellant.

(Eileen McNeil Newkirk; The McNeil Law Group, on brief), for
appellee.


        Dwayne L. Cook (husband) appeals an order that reduced, but did not terminate, his spousal

support obligation. Husband argues that the circuit court erred by (1) denying his request to

terminate his spousal support obligation, and instead, reducing it by $400 per month, especially

since wife's financial situation has improved since the last support order and husband's financial

situation has declined and (2) refusing to consider the length of the parties' marriage and the fact

that husband has paid spousal support to wife for a period longer than the parties' marriage. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on September 1, 1990 and divorced on December 21, 2004. They have two children. The final decree of divorce ordered husband to pay $3,000 per month in spousal support and $2,269 per month in child support. Husband subsequently filed a motion to amend his support obligations. On June 8, 2009, the circuit court entered an order reducing husband's spousal support obligation to $1,900 per month and his child support obligation to $954 per month. The court found that husband's gross annual income was $150,529 and wife's gross annual income was $36,604.

On February 11, 2013, husband filed motions to amend his support obligations. He asserted that his oldest child was over the age of eighteen and that his wife increased her earning capacity by obtaining her nursing degree. After hearing the parties' evidence and argument, the juvenile and domestic relations district court reduced husband's child support obligation to $798.76 and his spousal support obligation to $1,500 per month. Husband appealed to the circuit court.

On May 5, 2014, the parties appeared before the circuit court. Husband presented evidence that after the parties' divorce, he remarried and now has two additional children. He testified that he had closed his mortgage business in 2007 or 2008. As a result of the termination of his business, he was responsible for several debts. In 2011, husband's household income exceeded $372,000, of which he contributed over $293,000. Husband worked for Fannie Mae for approximately one year, until his contract ended in December 2012. Then, he started working for First Union Market Bank. The parties stipulated that husband's annual salary is

$175,000. In 2013, he received an additional $7,000 in income from another employer. Husband testified that he has credit card debt and has had to use a portion of his retirement and savings to pay his debt. Husband's new wife testified that she contributes her income toward the household expenses. Evidence also was presented to show that since the last support order, wife earned a master's degree in nursing and became a licensed nurse practitioner. Wife's annual salary is $80,000. The parties' two children continue to reside with wife. The parties' oldest child is over the age of eighteen and is a college student. At the time of the hearing, the parties' youngest child was eighteen years old and was expected to graduate from high school in June 2014.

On May 7, 2014, the circuit court issued a letter opinion. It found that there was a material change in circumstances and reduced husband's spousal support obligation to $1,500 per month. An order memorializing the ruling was entered on October 31, 2014.[1] This appeal followed.

ANALYSIS

*Assignment of error #1*

Husband argues that the trial court erred by reducing, but not terminating, his spousal support obligation. He contends wife's financial situation had improved, whereas his financial situation had declined, since the last support order.

"A trial court is vested with 'broad discretion in deciding whether a material change in circumstances warrants a modification in the amount of support.'" Driscoll v. Hunter, 59 Va. App. 22, 35, 716 S.E.2d 477, 482 (2011) (quoting Reece v. Reece, 22 Va. App. 368, 373, 470 S.E.2d 148, 151 (1996)). "We will not disturb the trial court's decision where it is based on an *ore tenus*

---

[1] Husband's child support obligation ceased by the entry of the final order because the parties' youngest child was eighteen years old and graduated from high school.

hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). Not every material change of circumstance justifies a modification of spousal support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

The trial court found that there was a material change in circumstances since the last support order. Neither party is contesting that ruling. However, husband argues that the trial court erred in finding that the change in circumstances did not warrant a termination of spousal support.

Since the last support order, wife's annual income increased from approximately $36,000 to $80,000. Husband's annual income increased from approximately $150,000 to $175,000. The trial court acknowledged that husband had "suffered from financial difficulties in the past few years that have resulted in him having few financial resources in reserve." However, evidence was presented that husband's present wife is able to contribute to the household expenses with her annual income of approximately $99,000; an amount that was not considered at the time of the last support order.

The trial court also noted that wife was able to "accumulate and retain financial resources which results in her having significant assets." However, she also had expenses that she did not have at the time of the last hearing. For example, wife was paying on student loans she incurred

- 4 -

during nursing school. In addition, her financial situation changed when husband's child support payments ceased. Although the parties' children reached the age of majority, they were college students and were living at home.

"The crucial question, once a material change in circumstances has been shown, is the 'ability of the supporting spouse to pay.'" Driscoll, 59 Va. App. at 33, 716 S.E.2d at 482 (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)). Husband had the ability to pay spousal support. His income had increased since the last support order.

As a result of the changes in the parties' financial circumstances, the trial court reduced husband's spousal support obligation from $1,900 per month to $1,500 per month. Based on the record, we cannot say that the trial court abused its discretion in reducing, and not terminating, husband's spousal support obligation.

*Assignment of error #2*

Husband argues that the trial court erred when it did not consider the length of the parties' marriage and the fact that husband has been paying spousal support for longer than the number of years that the parties were married.

Husband acknowledges the differences in Code § 20-107.1, which addresses the initial determination of spousal support, and Code § 20-109, which addresses the modification of spousal support. Husband recognizes that the circuit court was not required under Code § 20-109 to consider the length of the marriage when it was deciding whether to modify spousal support; however, he contends "the length of the marriage should be important in this case."

"'When analyzing a statute, we must assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" Wright v. Wright, 38 Va. App. 394, 404, 564 S.E.2d 702, 706 (2002)

(quoting City of Virginia Beach v. ESG Enters., Inc., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992)) (internal citations omitted).

Code § 20-109(A) states that a court may modify spousal support "as the circumstances may make proper." Unlike Code § 20-107.1(E), Code § 20-109 does not contain a list of factors that a court must consider when it modifies support. Therefore, the General Assembly chose not to require courts to consider certain factors, such as the length of the marriage, when deciding whether to modify spousal support. Instead, as noted above, a court has to consider whether there was a material change in circumstances that warranted a modification of support. See Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30.

Accordingly, the circuit court did not err in refusing to consider the length of the parties' marriage and how long husband has been paying spousal support when it decided to reduce, and not terminate, husband's spousal support obligation.

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny wife's request.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27. This matter is remanded to the circuit court to determine the amount of spousal support arrears owed by husband.

Affirmed and remanded.